Seymour Katz and Rae Katz v. Commissioner.
Katz v. Commissioner
Docket No. 89514.
United States Tax Court
T.C. Memo 1963-160; 1963 Tax Ct. Memo LEXIS 185; 22 T.C.M. (CCH) 769; T.C.M. (RIA) 63160; June 10, 1963
*185 Held, that petitioner Seymour Katz did not furnish more than one-half the support of his two minor sons during the taxable year, hence he is not entitled to claim them as dependents in said year. The Commissioner is sustained. Seymour Feinman for the petitioners. Eugene L. Wilpon for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioners' income tax for the year 1957 of $240. The deficiency is due to one adjustment made to the taxable income disclosed by petitioners' return and is as follows: Unallowable deduction and additional
income: (a) Exemptions
$1,200.00 The adjustment is explained in the notice of deficiency as follows: (a) It has been determined that deductions for exemptions claimed for Lawrence Katz and Bruce *186 Katz should be disallowed, inasmuch as they do not qualify as dependents of the taxpayers under the provisions of section 152 of the Internal Revenue Code of 1954. Petitioners, by an appropriate assignment of error, contest the adjustment which has been made by the Commissioner. Findings of Fact A stipulation of part of the facts has been filed and from this stipulation we find the following facts: The petitioners are husband and wife with residence at Newburgh, New York. They filed a timely joint income tax return for the taxable year 1957 with the district director of internal revenue, Albany, New York. Lawrence and Bruce Katz lived with their mother, Sarah Katz, at Brooklyn, New York, during the year 1957. Petitioner Seymour Katz furnished a total of $725 toward the combined support of Lawrence and Bruce Katz for the taxable year 1957. From oral testimony we find the following facts: Petitioners furnished an additional $85 toward the combined support of Lawrence and Bruce Katz for the taxable year 1957. The grandfather of Lawrence paid to his mother Sarah $10 per week for the support of Lawrence, or $520 for the entire year 1957. This $520 *187 was all expended by Sarah during said year for the cost of board, lodging, clothing, medical and dental care, haircuts, drugs, cleaning of clothes, and other similar expenses for the support of Lawrence. Mildred Lauridsen, who was the sister of Sarah and aunt of Bruce, lived in the apartment with them until her marriage in July 1957. Mildred paid to Sarah the sum of $10 per week or $520 for the entire year 1957 for the support of Bruce. The $520 thus paid to Sarah by Mildred was all expended during the year 1957 for the cost of board, lodging, clothing, medical and dental care, haircuts, drugs, cleaning of clothes, and other similar expenses for the support of Bruce. The petitioners did not furnish more than one-half of the support of either Lawrence or Bruce during the year 1957. Opinion BLACK, Judge: There is but one issue in this proceeding and that is did the petitioners furnish more than one-half of the support of Lawrence and Bruce during the year 1957. If they did, they are entitled to take a deduction of $600 each on their income tax return for Lawrence and Bruce as dependents for said year, or $1,200, which is the amount the Commissioner has disallowed. The applicable *188 sections of the Internal Revenue Code of 1954 are printed in the margin. [1]
This is not a case such as Delbert D. Bruner, 39 T.C. 534 (1962), in which the divorced parents, the husband and the former wife, were both claiming a deduction for their son as a dependent. In that proceeding each claimed he had furnished more than one-half of the support of the dependent in the taxable year. In the instant *189 case the divorced wife, the mother of Lawrence and Bruce and with whom they lived during the taxable year, is not claiming deduction for her two sons as dependents. She was not employed in 1957 but engaged in household duties in the rented apartment in which the family lived and the two sons lived there with her. The divorce decree awarded her the custody of the two children and ordered Seymour to pay to her $720 per year for the combined support of the two boys. In 1957 there lived in the household with Sarah, in addition to the two boys, her father and her sister Mildred. Her father lived there all through the year and Mildred lived there until she married in July 1957. The testimony is that Sarah's father, who was the grandfather of the two boys, paid Sarah $10 a week for the support of Lawrence and claimed him as a dependent on his income tax return. Mildred paid Sarah $10 a week for the entire year 1957 for the support of Bruce and claimed him as a dependent on her return. We, of course, do not have before us for decision in this case their respective claims for these dependents - it is petitioners' claim which we must decide. The father of Mildred and Sarah was an elderly man *190 and was said to be ill at the time of the hearing and did not testify. However, Sarah testified that he paid her $10 a week for the entire year 1957 for the support of Lawrence. Mildred testified at the hearing that she paid Sarah $10 per week for the support of Bruce for the entire year 1957- she said she paid it before she was married and continued to pay it after she married in July of that year and moved away from the household. We have made a finding that petitioner Seymour paid a total of $810 for the combined support of Lawrence and Bruce in 1957 - that amount was a showing that he contributed $405 toward the support of each son. The grandfather contributed $520 for the support of Lawrence in 1957. This amount was paid to his mother Sarah and she has testified that she used the entire amount in the manner which we have named in our Findings of Fact. The aunt, Mildred, contributed $520 for the support of Bruce in 1957. This amount was paid to his mother Sarah and she has testified that she used the entire amount in the manner which we have named in our Findings of Fact. Therefore, we have made a finding that "The petitioners did not furnish more than one-half of the support *191 of either Lawrence or Bruce during the year 1957." Based upon that finding of fact, we decide the only issue in this proceeding in favor of the respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *
(e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - * * *
(B) who is a child of the taxpayer * * * SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * (1) A son or daughter of the taxpayer, or a descendant of either.↩